IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Travis Andrew Michel, | ) |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| vs. | ) Case No. 1:18-cv-118 |
| | ) |
| Detective Clarkson, Bismarck Police Department, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Travis Andrew Michel, an inmate at the James River Correctional Center in Jamestown, North Dakota, brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. This matter is now before the undersigned for initial review as required by 28 U.S.C. § 1915A.[1]

**I.    BACKGROUND**

Plaintiff initiated this action on June 12, 2018, with the filing of a complaint dated May 15, 2018. (Doc. No. 7). On August 23, 2018, plaintiff filed another document dated August 17, 2018, repeating the allegations in the complaint and including photographs of text messages that plaintiff argues support his claim. (Doc. No. 9). Since plaintiff is proceeding pro se and the case has not proceeded further, the court will treat both filings as plaintiff's complaint.

In this action, plaintiff attempts to sue Dean Clarkson, a detective of the Bismarck Police Department. Plaintiff appears to put forth two allegations against the defendant. First, plaintiff

---

[1] Plaintiff has consented to the handling of his case by a magistrate judge. (Doc. No. 8).

1

alleges defendant illegally arrested plaintiff. Second, plaintiff alleges defendant lied at plaintiff's preliminary hearing regarding the contents of text messages that possibly implicated plaintiff in the charged aggravated assault. Plaintiff appears to argue that the text messages attached to his August 17th letter were an important factor in his arrest and at the subsequent preliminary hearing. However, in terms of the arrest, it is not clear whether it was pursuant to a warrant and, if it was, who presented the information to support a finding of probable cause and what evidence was presented. Further, with respect to the preliminary hearing, it is not clear what information was presented to support the finding of probable cause at that level. Finally, there is no allegation that the charge upon which the arrest was made has been dismissed.

Plaintiff seeks money damages against defendant in the amount of $5,000,000. The complaint is silent in terms of whether plaintiff is suing the defendant in his individual capacity, his official capacity, or both.

## II. STANDARDS GOVERNING INITIAL REVIEW

The Prison Litigation Reform Act requires federal courts to review all prisoner complaints filed against a government entity, officer, or employee. 28 U.S.C. § 1915A. On review, the courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. See 28 U.S.C. § 1915(a)(2); Jones v. Bock, 549 U.S. 199, 203–04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v.

2

Twombly, 550 U.S. 544 (2007)."The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). The complaint must state enough to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

In screening a *pro se* prisoner complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777. 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible. . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). But, this does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997); West v. Atkins, 487 U.S. 42, 48 (1988). Even under liberal pleading standards, a *pro se* litigant must, at the very least, invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker, 104 F.3d at 157–58. A complaint states a plausible claim for relief when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." Iqbal, 556 U.S. at 678. The pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. Iqbal, 556 U.S. at 676–77. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

Lastly, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753–54 (7th Cir. 2002).

## III. DISCUSSION

### A. The named defendant is sued only in his official capacity and plaintiff fails to state a claim of "municipal liability".

The rule in the Eighth Circuit is that, "'in order to sue a public official in his or her individual capacity, a plaintiff must *expressly and unambiguously* state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'" Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)) (italics added). In this case, plaintiff completed a form PLRA complaint which asks in successive questions whether he is suing the defendant in his official capacity and then whether he is suing defendant in his individual capacity. The plaintiff checked the "no" box to both questions.

Clearly, there was confusion on plaintiff's part in checking "no" to both questions. Unfortunately, however, under the Eighth Circuit case law set forth above, the court is not permitted to make a reasonable assumption about whether plaintiff intends to sue the defendant in his personal capacity. In the absence of an express and unambiguous statement of intent to sue the defendant in

4

his personal capacity as required by Eighth Circuit precedent, the court must assume plaintiff is suing defendant only in his official capacity.

A suit against defendant in his official capacity is not the same thing as a suit against defendant in his individual capacity. A suit against the defendant in his official capacity is deemed to be a suit against the entity of whom he is an agent, which in this case would be his employer the City of Bismarck. Claybrook v. Birchwell, 199 F.3d 350, 355 n. 4 (6th Cir. 2000) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Monell v. Department of Social Services, 436 U.S. 658, 690, n. 55 (1978)

This leads to next problem, which is that a municipality can only be liable under 42 U.S.C. § 1983 for a constitutional violation "if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Corwin v. City of Independence., Mo., 829 F.3d 695, 699 (8th Cir. 2016)(citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). In this case, plaintiff failed to allege any of these three possible grounds for imposing municipal liability for damages, much less plead facts sufficient to make out a cognizable claim for municipal liability. As a result, plaintiff's complaint in its present form must be dismissed for this reason alone.

  **B.**  **Other problems with plaintiff's complaint**

Even if plaintiff amends his complaint to expressly state he is suing the defendant in his individual capacity, that still would not be enough to allow this action go forward absent further changes. With respect to the claim that the defendant lied during his preliminary hearing testimony, the suit must be dismissed because the defendant is entitled to absolute immunity (that is he cannot

be sued) for any testimony he gave at the preliminary hearing, even if its false. E.g., Handy v. City of Sheridan, 636 Fed.Appx. 728, 742 (10th Cir. 2016) (concluding that witness testifying at a preliminary hearing is entitled to absolute immunity based upon the Supreme Court's decision in Rehberg. v. Paulk); Shaw v. Grand Forks Police Dep't, No. 4:15-cv-181, 2016 WL 918918, at *3 (D.N.D. Feb. 8, 2016) (same); cf. Rehberg v. Paulk, 566 U.S. 356, 369 (2012) (immunity for claim based on testimony before a grand jury).

As for plaintiff's claim that defendant had him falsely arrested, the complaint fails to plead sufficient facts with respect to (1) how the arrest was made, *i.e.*, whether it was pursuant to a warrant or not; (2) if the arrest was pursuant to a warrant, who supplied the information to judge who issued the warrant; and (3) why the arrest was false, including more specifically why any information presented to the court in support of the arrest was false (whether it was in affidavit in support of an arrest warrant or afterwards for an arrest without a warrant) was false. Plaintiff appears to claim that the messages attached to his letter demonstrate the falsity of the arrest. However, that is not apparent from the messages. In fact, standing alone, the messages appear to support the existence of probable cause for plaintiff's arrest. Hence, more facts would have to be pled to make out a plausible claim of falsity based upon the messages.

In short, plaintiff's complaint in its present form fails to state a claim of constitutional violation resulting from an allegedly false arrest.[2]

### III. CONCLUSION

---

[2] There may be additional problems if plaintiff has pled guilty or been found guilty for the offense for which he claims he was falsely arrested. In most instances, this may preclude an ability to sue in the absence of the conviction first being overturned.

For the foregoing reasons, plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE** unless within twenty (20) days plaintiff submits a proposed amended complaint sufficient to state a plausible claim against the defendant. If a proposed amended complaint is submitted, it will again be screened to determine whether it is sufficient to state a plausible claim for relief.

Dated this 16th day of November, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court